UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CHRISSIE KELLEY-SANDOVAL,<br><br>  Plaintiff,<br><br>v.<br><br>AVANTEUSA, LTD.,<br><br>  Defendant. | CIVIL ACTION<br><br>COMPLAINT 3:21-cv-00019<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

**NOW COMES** Chrissie Kelley-Sandoval ("Plaintiff"), by and through her undersigned attorneys, complaining of the Defendant, AvanteUSA, Ltd. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Southern District of Texas, Defendant conducts business in the Southern District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

1

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Southern District of Texas.

5. Defendant is a third-party debt collection agency headquartered at 3600 S. Gessner Road, Suite 225, Houston, Texas 77063. Defendant's primary business purpose is collecting or attempting to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Texas.

## FACTS SUPPORTING CAUSE OF ACTION

6. In or around 2019, Plaintiff purchased a tractor from Kubota Tractor Corporation.

7. Due to unforeseen financial circumstances, Plaintiff was unable to maintain timely payments in October of 2020, and could only make a partial payment in December of 2020.

8. On or around December 8, 2020, Defendant began placing collection calls to Plaintiff's telephone number (979) XXX-5955. Plaintiff missed this call.

9. At all times relevant to the instant action, Plaintiff was the sole owner, possessor, and operator of the telephone ending in 5955.

10. On December 10 and 15, 2020, Plaintiff missed two more calls from Defendant.

11. On or around December 18, 2020 at 11:30 a.m., Plaintiff answered a phone call while at work and spoke with Defendant's representative Brian.

12. During this call, Brian informed Plaintiff that he is calling from "Kubota" and will be coming to repossess the tractor.

13. Feeling pressured by the false threat of repossession, Plaintiff attempted to make a payment plan arrangement.

14. On the same day at 11:42 a.m., Representative Brian called Plaintiff's cellular phone number again. This time to confirm the payment plan and initiate the processing of a first payment.

15. On or around December 24, 2020, Plaintiff missed another phone call from Defendant.

16. On or around January 6, 2021 at 5:30 p.m., Defendant placed another phone call to Plaintiff's cellular phone number, now using a different phone number.

17. During this call, Plaintiff was informed that her payment was rejected. Plaintiff requested a couple additional days to arrange for the funds to become available.

18. Plaintiff missed a few other calls from Defendant, and on January 22, 2021, Plaintiff returned a call and spoke with Representative Andrew.

19. Representative Andrew told Plaintiff that he was at her house to repossess the tractor, but described a house that did not match Plaintiff's house. Plaintiff responded by telling Andrew that she is not home, and that they were at the wrong house.

20. On January 22, 2021, a man named Kevin and another man showed up at the correct house, and Plaintiff's 16-year-old daughter answered the door. The men told Plaintiff's daughter that they were there for the tractor that is being repossessed. Plaintiff's daughter told them that Plaintiff is not home and to try later. Plaintiff's 13-year-old daughter was also home at the time.

21. Feeling afraid and disturbed, Plaintiff's daughter called Plaintiff immediately and said two men were walking around the garage and peeking in the windows.

22. After the men left, Plaintiff called Defendant and told them to not speak with Plaintiff's minor daughter, and to not return to Plaintiff's house again.

23. On January 22, 2021 at 6:58 p.m., Representative Andrew initiated a three-way call with Plaintiff and Representative Brian. Andrew introduced Brian as a representative from Kubota.

24. During the three-way call, Andrew informed Plaintiff that Defendant will return to her house to repossess the tractor that evening. Plaintiff told Andrew that she will not be home, and Andrew said that every time Defendant comes back out, they will increase the amount of the debt.

25. Fearing a repossession, Plaintiff again tried to make a payment arrangement, this time to pay the past due amount in full.

26. Representative Andrew refused Plaintiff's payment stating that they will make more money with a repossession and that they will be waiting at her home on January 26, 2021.

27. On or around January 25, 2021, Plaintiff attempted to call Kubota directly, in effort to cease the repossession and make a payment in full. Kubota told Plaintiff that she will have to call Avante and make the payment with them.

28. In an effort to cease this harassing collection activity, Plaintiff contacted Defendant again on January 25, 2021 and spoke with a representative to make a payment, stating that she will not be home on January 26, 2021 for the repossession attempt.

29. Knowing that Defendant had no true plan to repossess the tractor due to Plaintiff's willingness to pay the past due amount, Defendant accepted Plaintiff's final payment attempt for the full debt amount.

## DAMAGES

30. Defendant's harassing and unfair collection conduct has severely disrupted Plaintiff's daily life and general well-being.

31. Plaintiff has expended time and incurred costs consulting with her attorneys as a result of Defendant's false, deceptive, harassing, and misleading collection efforts.

32. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, emotional distress, aggravation that accompanies unsolicited debt collection efforts, harassment, embarrassment, humiliation, emotional distress, anxiety, and loss of concentration.

33. Concerned about the violations of her rights and invasion of her privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

34. Plaintiff restates and realleges paragraphs 1 through 33 as though fully set forth herein.

35. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

36. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

37. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

38. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

39. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

40. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

41. Defendant violated 15 U.S.C. §§1692b(1), b(2), c(b), d, d(5), e(4), e(5), e(10), e(14), f, and f(1) through its unlawful debt collection practices.

**a.  Violations of FDCPA §1692b**

42. Defendant violated §1692b(1) when Defendant contacted Plaintiff and identified itself as "Kubota." Defendant's representative intentionally attempted to mislead Plaintiff into believing that he was actually calling from Kubota Tractor Corporation, when in fact, he was an employee of Defendant only.

43. Defendant violated §1692b(2) when it came to Plaintiff's house and informed Plaintiff's daughter, an underage and unauthorized third party, that it was there to collect the tractor that was not paid for.

### b. Violations of FDCPA §1692c

44. Defendant violated §1692c(b) when they spoke with Plaintiff's daughter and informed her that it was attempting to repossess the tractor, that had been defaulted on.

### c. Violations of FDCPA §1692d

45. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

46. Defendant violated §1692d when it told Plaintiff, that it would come to repossess the tractor, but refused to accept Plaintiff's offer to make a payment in full.

47. Defendant also violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant continued to threaten to repossess the tractor, even showing up at Plaintiff's house while she was not home and roaming the property.

### d. Violations of FDCPA §1692e

48. Defendant violated §1692e by using false, deceptive, and misleading representation in connection with the collection of the subject debt.

49. Furthermore, Defendant violated §1692e(4) by representing to Plaintiff that the tractor will be repossessed if payment is not received, but then refused to accept payment when it was offered. Defendant's representative told Plaintiff that she had no other options and provided a date to

repossess the tractor. Defendant ultimately accepted Plaintiff's payment after a final veiled threat that it would show up to her house on January 26, 2021.

50. Defendant violated §1692e(5) by threatening to take an action that cannot legally be taken or that is not intended to be taken. Defendant threatened to repossess the tractor and even came to walk around Plaintiff's property, but refused to take payment from Plaintiff. Defendant eventually accepted Plaintiff's payment, ceasing the repossession. This showed that Defendant did not intend to actually repossess the tractor, but instead used it to coerce full payment, which Plaintiff was planning on making anyway.

51. Defendant further violated §1692e(10) by using false representation and deceptive means in connection to the collection of the subject debt. Defendant falsely represented that it would show up at her house on January 26, 2021. Upon realizing that it would not repossess the tractor, and instead was using this threat as an effort to seek immediate payment in full, Defendant accepted Plaintiff's payment.

52. Additionally, Defendant violated §1692e(14) as they did not provide the true legal entity name of Defendant. Plaintiff spoke with a representative named Brian, who continued to falsely identify himself as a representative for Kubota.

### e. Violations of FDCPA §1692f

53. Defendant violated §1692f and f(1) by using and unconscionable means in attempting to collect on the subject debt.

54. Specifically, Defendant attempted to collect on the subject debt by stating that it would show up at her home, when it knew she would not be home, in effort to seek a payment in full. Defendant did not intend to repossess the tractor on January 26, 2021, but instead used the date as

an attempt to seek payment in full from Plaintiff, which Plaintiff had full intention of making but for Defendant's initial refusal to accept the payment.

55. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant deceptive means.

**WHEREFORE**, Plaintiff CHRISSIE KELLEY-SANDOVAL respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Enjoin Defendant from further contacting Plaintiff;

c. Award Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

d. Award Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

e. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

f. Award any other relief as this Honorable Court deems just and appropriate.

<u>**COUNT II – DEFENDANT'S VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT**</u>

56. Plaintiff restates and realleges paragraphs 1 through 55 as though fully set forth herein.

57. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

58. The alleged debt is a "debt" and a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

59. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

    a. **Violations of TDCA § 391.302**

60. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

61. Defendant violated the TDCA when it contacted Plaintiff repeatedly, and even showed up at Plaintiff's home when it knew she would not be home. Defendant utilized harassing behavior, in effort to coerce Plaintiff into making a payment in full. Defendant deceptively told Plaintiff it would not accept a payment, but ultimately took a payment in full when she informed Defendant she will not be there for the repossession.

62. Moreover, by speaking with Plaintiff's daughter about the repossession of the tractor, Defendant attempted to harass and oppress Plaintiff into making an immediate payment on the subject debt. Defendant further harassed Plaintiff by baselessly refusing to take Plaintiff's payment even though she was instructed to make a payment directly to Defendant by Kubota Tractor Corporation.

63. Furthermore, Plaintiff was embarrassed and humiliated by Defendant's disclosure of private information to her daughter.

64. As alleged above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff CHRISSIE KELLEY-SANDOVAL requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Entitle Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

    e.  Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

    f.  Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**


Dated: January 27, 2021                                                  Respectfully Submitted,

                                                                                    /s/ Marwan R. Daher
                                                                                     /s/ Omar T. Sulaiman
                                                                                     /s/ Alexander J. Taylor
                                                                                     Marwan R. Daher, Esq.
                                                                                     Omar T. Sulaiman, Esq.
                                                                                     Alexander J. Taylor, Esq.
                                                                                     *Counsel for Plaintiff*
                                                                                     Sulaiman Law Group, Ltd
                                                                                     2500 S Highland Ave, Suite 200
                                                                                      Lombard, IL 60148
                                                                                      Telephone: (630) 575-8181
                                                                                      mdaher@sulaimanlaw.com
                                                                                       osulaiman@sulaimanlaw.com
                                                                                       ataylor@sulaimanlaw.com